UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-299-RJC-DCK

| | |
|---|---|
| FANNIE BROWN BURFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH TYRONE JEFFERSON, )<br>TONI TUPPONCE JEFFERSON, and )<br>BROADCASTING MUSIC, INC. )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Letter Motion for Court Date, (Doc. No. 7), filed on October 22, 2012 in response to the October 12, 2012 notice reminding the parties that they must conduct an Initial Attorney's Conference and file a discovery plan with the Court. The Court will not set a trial date until the parties conduct such a conference and file their discovery plan.

Local Rule 16.1(A) states that "[a]s soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an 'Initial Attorney's Conference' ('IAC')." See also FED. R. CIV. P. 16(b), 26(f). Section (D) of Local Rule 16.1 defines "joinder of the issues" to include when "the final answer to a complaint" has been filed, "or the time for doing so has expired." Defendants filed their Answers on June 1, 2012, (Doc. Nos. 4; 5), and did not seek to amend those Answers. Accordingly, the parties were required to confer no later than June 15, 2012. LR16.1.

Pursuant to Local Rule 16.1(B), "[w]ithin seven (7) days of the IAC, the parties shall

complete and file the Certification of Initial Attorney's Conference ('CIAC'), which shall include a proposed discovery plan." The parties were therefore required to file a CIAC by June 25, 2012. LR 16.1(B); FED. R. CIV. P. 6(d).

The parties have not filed a CIAC with this Court. Plaintiff is hereby warned that if she does not provide this Court with a CIAC within 14 days, this action will be dismissed for lack of prosecution. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff will be required to take appropriate action within 14 days.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letter Motion for Court Date, (Doc. No. 7), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the court with a Certification of Initial Attorney's Conference within 14 days. **FAILURE TO RESPOND WITHIN 14 DAYS WILL RESULT IN DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT.**

Signed: November 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge