UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-299-RJC-DCK

| | |
|---|---|
| **FANNIE BROWN BURFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **KEITH TYRONE JEFFERSON,** ) | |
| **TONI TUPPONCE JEFFERSON, and** ) | |
| **BROADCASTING MUSIC, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court sua sponte. On November 26, 2012, this Court entered an Order, (Doc. No. 8), reminding Plaintiff that pursuant to Local Rule 16.1(A), "[a]s soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an 'Initial Attorney's Conference' ('IAC')." See also FED. R. CIV. P. 16(b), 26(f). Section (D) of Local Rule 16.1 defines "joinder of the issues" to include when "the final answer to a complaint" has been filed, "or the time for doing so has expired." Defendants filed their Answers on June 1, 2012, (Doc. Nos. 4; 5), and did not seek to amend those Answers. Accordingly, the parties were required to confer no later than June 15, 2012. LR16.1. The Court's November 26, 2012 Order further stated that pursuant to Local Rule 16.1(B), the parties were required to complete and file the Certification of Initial Attorney's Conference by June 25, 2012. LR 16.1(B); FED. R. CIV. P. 6(d).

This Court warned Plaintiff on November 26, 2012 that if she did not file a Certification

1

of Initial Attorney's Conference within fourteen days, this action would be dismissed for lack of prosecution. See (Doc. No. 8). The time has expired and Plaintiff has not filed a Certification of Initial Attorney's Conference. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

It is Plaintiff's burden to move this case forward, and Plaintiff has failed to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint if **DISMISSED**. The Clerk of Court is directed to close this case.

Signed: January 23, 2013

Robert J. Conrad, Jr.
Chief United States District Judge